**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 2:26-00035 |
| v. | ) | |
| | ) | Chief Judge Cathy Bissoon |
| DONTAE DEVERO, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM ORDER

After careful consideration of the submissions of the parties and the testimony and other evidence introduced at the hearing on October 20, 2026, Defendant's Motion (Doc. 24) to suppress evidence, resulting from his arrest on December 23, 2025, will be denied.

The factual background is well-known to the parties, and the Court will not recite it in detail here. Defendant's primary argument is that the officers lacked probable cause to detain or arrest him[1] and, therefore, the fruits of the resultant searches – primarily the firearms – should be suppressed. Citing United States v. Outlaw, 138 F.4th 725 (3d Cir. 2025), Defendant contends that, because there were two occupants in the vehicle, anything observed could have belonged to either of them, thus negating probable cause. As the government correctly notes, however, Outlaw is distinguishable here. The Outlaw court held only that the smell of marijuana in a vehicle alone cannot establish probable cause to arrest the driver of a vehicle where the vehicle

[1] "The Fourth Amendment permits an officer to arrest a suspect without a warrant where there are 'facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense,' that is, where the arrest is supported by probable cause . . . 'with reference to the facts and circumstances within the officer's knowledge at the time of the investigative stop or arrest.'" Outlaw, 138 F.4th at 728 (quoting Michigan v. DeFillippo, 443 U.S. 31, 37 (1979) and United States v. Laville, 480 F.3d 187, 194 (3d Cir. 2007)).

contains multiple occupants and the odor is not particularized to one occupant. *See* id. at 726. Here, the officers observed not only the strong odor of marijuana, but loose marijuana within arms' reach of Defendant as well as a digital scale in the center console area[2] and what the officer credibly believed to be an open container of alcohol in Defendant's lap area. In addition, as confirmed by the credible hearing testimony and body camera evidence, Defendant acted both furtively and uncooperatively when asked to provide identification during the stop. The totality of the observed circumstances are sufficient in themselves to warrant a reasonable person to believe that Defendant had committed or was committing a crime, thus establishing probable cause to arrest. *See* Outlaw, 138 F.4th at 728; Dempsey v. Bucknell Univ., 834 F.3d 457, 467 (3d Cir. 2016). Because the officers had probable cause to arrest Defendant, the firearm subsequently discovered on his person should not be suppressed. *See* Outlaw, 138 F.4th at 728 (citing United States v. Robinson, 414 U.S. 218, 226 (1973)).[3]

Defendant's contention that the officers used excessive force when arresting him in violation of the Fourth Amendment, even if true,[4] does not change this result. As the Government correctly argues, excessive force is a civil claim, not a ground for suppression in a

---

[2] As Chief Dessell credibly testified, based on his training and experience, a digital scale is considered drug paraphernalia, evidencing drug trafficking and/or other common criminal enterprise. *See, e.g.*, Outlaw, 138 F.4th at 729 n.5 (distinguishing cases involving evidence of common criminal enterprise, including a case where officers observed odor combined with marijuana seeds/stems in bags and a digital scale).

[3] Under the facts and circumstances of this case, it is of no moment that Defendant was handcuffed at the time the officers retrieved the firearm from the pocket of the jacket he was wearing. *See* United States v. Jackson, 120 F.4th 1210, 1225 & n.5 (3d Cir. 2024), cert. denied, 145 S. Ct. 2827 (2025).

[4] While the Court need not rule on the merits of Defendant's excessive force allegations, having viewed the video of the arrest, it is difficult to discern the basis for such a claim.

criminal case. *See* Gov't Resp. (Doc. 43) at 8-10 (citing United States v. Morales, 385 F. App'x 165 (3d Cir. 2010)). As the Court of Appeals explained in Morales:

> Regardless of whether the use of the Taser and the methods used in the subsequent search constituted unreasonable uses of force, the . . . search was justified. Accordingly, the possible illegality with respect to the use of force did not invalidate the otherwise lawful recovery of the firearm. Thus, when viewed in the suppression context in this case, Morales's excessive use of force argument is immaterial.

385 F. App'x at 167 (citing United States v. Watson, 558 F.3d 702, 704 (7th Cir.2009)). Although non-precedential, Morales is consistent with outside authority, and Defendant has not produced any contrary precedent. *See, e.g.*, United States v. Collins, 714 F.3d 540, 544 (7th Cir. 2013) (citing cases); United States v. Brewer, No. CR 25-254 (SLS), 2025 WL 3638155, at *2 (D.D.C. Dec. 15, 2025). The Court finds its reasoning persuasive.

Even if the gun found on Defendant's person is suppressible, which it is not, the second firearm found in a locked bag located on driver's side floor should not be suppressed. The officers obtained valid warrants to search both the vehicle and the bag, during which search the second firearm was discovered. *See* Doc. 47-2 (search warrant applications and affidavits). Defendant's attacks on the sufficiency of these warrants miss the mark. After examining the contents of the affidavits and the warrants, as well as the arguments, evidence and credible testimony set forth by the parties, the Court finds that the government's counterarguments are sound and that the warrants are supported by probable cause. The issuing judge was entitled to draw reasonable inferences from the affiant's statements, and, as detailed by the government, the information contained within the four corners of the affidavits demonstrates a fair probability that contraband or evidence of a crime would be found in the vehicle and the bag.[5] The law

---

[5] In addition to summarizing Chief Dessell's relevant training and experience, the Affidavit of Probable Cause to search the vehicle details his observations while conducting the stop,

requires nothing more to properly issue a search warrant. *See* United States v. Stearn, 597 F.3d 540, 554 (3d Cir. 2010).

Defendant's Outlaw argument does not extend to the vehicle search. The odor of marijuana the officer observed emanating from the car itself supplied probable cause to search the vehicle. *See* United States v. Ramos, 443 F.3d 304, 308 (3d Cir. 2006). Again, Outlaw held only that the smell of marijuana in a vehicle alone does not establish probable cause to *arrest* the driver of a vehicle where the vehicle contains multiple occupants. *See* 138 F.4th at 726. As the Court was careful to distinguish, "Though they are often discussed in tandem, probable cause to search is not the same as probable cause to arrest. The facts in this case *could have plausibly supported a search of [Defendant's] vehicle*. But they did not support his arrest." Id. (emphasis added).[6]

Defendant's Franks argument likewise is of no moment. Admittedly, Chief Dessell testified at the hearing to several factual inaccuracies in the affidavit. These discrepancies, however, do not rise to the level of a Franks violation because Defendant did not demonstrate that any misstatements were made knowingly and intentionally or with reckless disregard for the truth. *See* United States v. Yusuf, 461 F.3d 374, 383 (3d Cir. 2006) (citing Franks v. Delaware,

---

including the odor of marijuana emanating from the vehicle, the presence of loose pieces of a green leafy substance resembling marijuana in plain view, a small marijuana cigarette in a front cupholder/ashtray, a small black digital scale in the center console area and Defendant's furtive and uncooperative behavior. *See* Def. Ex. C. The vehicle search uncovered, *inter alia*, a locked black slingbag on the driver's side floor area that Chief Dessell, based on his training and experience, determined contained a firearm. Chief Dessell obtained a separate search warrant for the bag before recovering the suspected firearm inside. *See* Ex. 47-2, at 8-10. Defendant does not meaningfully argue that the second warrant lacked probable cause.

[6] For similar reasons, Defendant's argument that the search warrant was overly broad because the police lacked probable cause to search for marijuana or evidence of drug trafficking is without merit. *See* Def. Reply Br. (Doc. 47) at 4.

438 U.S. 154, 171-72 (1978)). Moreover, even if the misstatements are stricken from the affidavit, the remaining facts supply the requisite probable cause as outlined more fully above. *See* id. Because Defendant has not made a substantial preliminary showing under Franks, no additional hearing or analysis is warranted.

In short, the Court finds the officers' testimony credible and concludes that Defendant has failed to meet his burdens for the purposes of suppression. For all of the above reasons, Defendant's Motion to Suppress (**Doc. 24**) is **DENIED**. A Pretrial Order setting forth a trial date and associated deadlines will follow.

IT IS SO ORDERED.

November 3, 2026

s/Cathy Bissoon
Cathy Bissoon
Chief United States District Judge

cc (via ECF email notification):

All Counsel of Record